UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA



| | |
|---|---|
| GREGORY LASKY; ADVOCATES FOR DISABLED AMERICANS (AFDA), | : CASE NO. 11  2880 |
| Plaintiffs, | : Civil Action |
| Vs. | : COMPLAINT FOR PRELIMINARY |
| | : AND PERMANENT INJUNCTIVE RELIEF |
| PERSOPOLIS, INC. d/b/a Honey Restaurant, | : AND DAMAGES; DENIAL OF CIVIL |
| | : RIGHTS AND PUBLIC FACILITIES TO |
| Defendant. | : PHYSICALLY DISABLED PERSONS |
| | : UNDER THE AMERICANS WITH |
| | : DISABILITIES ACT OF 1990 (ADA). |

Plaintiffs Gregory Lasky and Advocates For Disabled Americans (AFDA) allege:

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a cause of action based on the federal Americans With Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.

### FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC ACCOMMODATION; PUBLIC FACILITIES AT A RESTAURANT

1. Plaintiff Lasky does not have the substantial use of his legs, and is a "person with a disability" and "physically disabled person". Plaintiff requires the use of a wheelchair for locomotion and is either unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair or is only able to use such portions with undue difficulty.

2. Plaintiff Advocates For Disabled Americans (AFDA) is a civil rights organization whose goal in part is to enforce the rights of the disabled.

3.      Defendant Persopolis, Inc. d/b/a Honey Restaurant ("Restaurant") is a public accommodation and restaurant located at 618 Market Street, Philadelphia, Pennsylvania.

4.      Summary of Facts: This case involves the denial of services to Plaintiff and others similarly situated at the Restaurant in July 2010, October 2, 2010 and April 2011 (collectively referred to as the "Date"). Plaintiff was denied equal protection of the law and was denied Civil Rights under both Pennsylvania law and federal law, as hereinbelow described. Plaintiff was denied his rights to full and equal access to the Restaurant because of barriers in the parking lot, access routes, and restrooms. All of this made the Restaurant not properly accessible to Plaintiff or to others similarly situated. Plaintiff seeks injunctive relief to require Defendant to remove the above-stated barriers, to comply with ANSI and the ADAAG where required, to remove all barriers to access which are not an undue burden and/or readily achievable, to make all reasonable accommodations in policy in order to enable Plaintiff and other similarly situated to use the Restaurant and at minimum, to use readily achievable methods to enable Plaintiff to use the goods and services which the Restaurant makes available to the non-disabled public.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

6.      Defendant is and was the owner, operator, manager, lessor and lessee of the subject Restaurant at all times relevant herein. Plaintiff is informed and believes that the Defendant is and was the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

7.      The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of,

2

the goods, services, facilities, privileges, advantages and/or accommodations of the facilities, as prohibited by 42 U.S.C. § 12182 et seq.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993) if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of the Restaurant has shown that violations exist. These violations include, but are not limited to:

**Access to Goods and Services**

A) There is no accessible entrance in that the door is too heavy, it closes too quickly and does not have a level entrance. In addition, outside tables block the entrance. 28 C.F.R. § 211.

B) There is no proper accessible route to the tables outside and said tables are not accessible.

C) There is no proper accessible route to the tables in the interior in that the route is not maintained in violation of 28 C.F.R. § 36.211.

D) There is no proper accessible bathrooms; in addition, said bathrooms are not maintained in violation of 28 C.F.R. § 36.211.

9. Defendant has discriminated against the individual Plaintiff by denying him the access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; and by failing to take such efforts that may

be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services. Specifically, this lack of accessibility impairs Plaintiff's ability to utilize Defendant's services independently and puts undue pressure on his body.

10. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

11. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA. In addition, Defendant is required to make its services accessible and maintain the facilities pursuant to 28 C.F.R. § 36.211.

12. Notice to Defendant is not required as a result of Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

13. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Renaissance

Marriott, to make this facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

14. Plaintiff intends to return to the Restaurant at least three times a year being a frequent traveler to Philadelphia, both as a patron and tester.

WHEREFORE, Plaintiff respectfully requests:

   a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 et seq.

   b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the Restaurant; or to make such Restaurant readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

   c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

   d. Such other relief as the Court deems just and proper, and/or allowable under Title III of the Americans With Disabilities Act.

## SECOND COUNT

15. Plaintiff Lasky repeats the allegations of the first count.

16.     Plaintiff Lasky reserves the right to seek relief under Pennsylvania Law in the administrative remedies provided under Pennsylvania Law.

WHEREFORE, Plaintiff Lasky demands judgment for:

1)   Injunctive relief.

2)   Damages.

3)   Attorney fees.

4)   Costs of suit.

### THIRD COUNT

17.     Plaintiff AFDA repeats the allegations of the first count.

18.     Plaintiff AFDA has standing to prosecute this matter in its own right having sustained injury to the organization.

WHEREFORE, Plaintiff AFDA demands judgment for:

5)   Injunctive relief.

6)   Damages.

7)   Attorney fees.

8)   Costs of suit.

By Attorney for Plaintiff

Dated: April 28, 2011

_____
ANTHONY J. BRADY, JR., ESQUIRE
Attorney ID No. 41321
P O Box 129
1 Rose Avenue
Maple Shade, New Jersey 08052
(856) 662-5234
Email: ladbrady@gmail.com

6