IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY LASKY; ADVOCATES FOR DISABLED AMERICANS (AFDA)<br><br>Plaintiff(s)<br><br>vs.<br><br>PERSOPOLIS, INC d/b/a HONEY RESTAURANT<br><br>Defendant | CIVIL ACTION NO. 11-2880<br><br>JURY TRIAL |

## **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

1. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

2. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

3. Admitted.

4. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

5. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

6. Denied in part. It is admitted that Defendant operates a restaurant at 618 Market Street, Philadelphia, PA. As to the remaining allegations, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

7. Denied. It is specifically denied that Answering Defendant discriminating against anyone in any way whatsoever. As to the remaining allegations, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

8(a-d) Denied. It is specifically denied that Answering Defendant discriminating against anyone in any way whatsoever. As to the remaining allegations, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions

of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

9. Denied. It is specifically denied that Answering Defendant discriminating against anyone in any way whatsoever. As to the remaining allegations, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

10. Denied. It is specifically denied that Answering Defendant discriminating against anyone in any way whatsoever. As to the remaining allegations, after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

11. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

12. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this

paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

13. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

14. Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Strict proof thereof will be demanded at the time of trial.

WHEREFORE, Answering Defendant requests that the plaintiff's complaint be dismissed with prejudice, and that judgment be entered in favor of the answering defendant and against plaintiff, plus cost of suit.

## SECOND COUNT

15. Answering Defendants hereby incorporates by reference paragraphs 1 through 14 of their Answer to Plaintiff's Complaint as though same were set forth herein at length.

16(1-4) Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required.

Strict proof thereof will be demanded at the time of trial.

WHEREFORE, Answering Defendant requests that the plaintiff's complaint be dismissed with prejudice, and that judgment be entered in favor of the answering defendant and against plaintiff, plus cost of suit.

THIRD COUNT

17. Answering Defendants hereby incorporates by reference paragraphs 1 through 16 of their Answer to Plaintiff's Complaint as though same were set forth herein at length.

18(5-8) Denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this paragraph and accordingly, same are denied. Further the allegations contained in the corresponding paragraph are conclusions of law to which no response is required. Strict proof thereof will be demanded at the time of trial.

WHEREFORE, Answering Defendant requests that the plaintiff's complaint be dismissed with prejudice, and that judgment be entered in favor of the answering defendant and against plaintiff, plus cost of suit.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted against Answering Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries, damages, and/or losses may be reduced and/or eliminated by the plaintiffs' comparative or contributory negligence.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendants preserve all affirmative defenses that may apply under the doctrine of assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

If plaintiffs suffered injuries, damages and/or losses as alleged in their Complaint, which are denied, they were caused or contributed to by conditions or persons and/or entities over whom or which Answering Defendants had no control and for which they are not responsible.

## SIXTH AFFIRMATIVE DEFENSE

The conduct of persons and/or entities other than Answering Defendants consists of an intervening, superseding cause, obviating any liability on the part of Answering Defendants, the existence of any such liability being expressly and specifically denied.

## SEVENTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the parties as any claims made by Plaintiff in the Complaint against Answering Defendants are subject to a binding arbitration provision.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendants specifically deny that Plaintiffs are entitled to an award of punitive damages, and any award of punitive damages would be in violation of the safeguard sand protections provided to Answering Defendants under the U.S. Constitution and/or any State Constitution that may apply to this case.

### NINETH AFFIRMATIVE DEFENSE

Answering Defendants reserve the right to raise additional defenses as this case proceeds to discovery and towards trial.

**WHEREFORE,** Answering Defendants demand judgment in their favor and against Plaintiffs, together with all costs, disbursements, and recoverable fees.

**ALPERSTEIN & ASSOCIATES, LLC**

**BY:** */s/ David R. Alperstein*
**DAVID R. ALPERSTEIN, ESQUIRE**
**Attorney I.D. 86798**
**1500 Market Street**
**12th Floor, East Tower**
**Philadelphia, PA 19102**
**215-665-5695**
**dalperstein@alpersteinlegal.com**
*Attorney for Defendant, Persopolis, Inc.*
*d/b/a Honey Restaurant*

**Dated: 7-22-11**

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2011, I filed a true and correct copy of the foregoing Answer with Affirmative Defenses using the Court's ECF System, which is available for viewing and downloading by the following counsel of record:

Anthony J. Brady, Jr., Esquire
P.O. Box 129
1 Rose Avenue
Maple Shade, NJ 08052

                            **ALPERSTEIN & ASSOCIATES, LLC**

         **BY:**    */s/ David R. Alperstein*
                      **DAVID R. ALPERSTEIN, ESQUIRE**